■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE SOLOMON, Appellant.—Judgment, Supreme Court, Bronx County, rendered March 11, 1977, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the second degree, unanimously reversed, on the law, and the matter remanded for a new trial. Initially, it is noted that the record herein presented a "close" case on the issue of defendant's guilt. Contributing to this fact are the following, *inter alia:* Special Agent Privette paid $1,500 for one ounce of heroin, yet the contraband weighed only one third of an ounce; the informer Perez was not searched by Privette on December 15, 1975, the date of the narcotic transaction, and the informer had a patent self-interest in becoming a successful informer; Privette did not see defendant drop the bag containing the narcotic into the front seat; and Privette claimed that defendant made several telephone calls to arrange for the sale on November 26, 1975, but telephone company records confirm defendant's trial testimony that his phone was disconnected at this time. Under these circumstances, we view the prosecutor's summation as so unfair as to require a new trial. It is conceded that the prosecutor improperly told the jury during summation that defendant sold drugs to one

Walter Hough in August, 1974. Despite the trial court's effort to minimize the prejudicial impact of this statement, the prosecutor repeated it and argued with the court that it was a fair inference that defendant sold drugs to Hough. Proof of an uncharged crime is prejudicial, and where, as here, there was no proof of such uncharged crime at trial, the summation reference to it was inexcusable. Further, the prosecutor averred to the jury that the defendant had told the informer that he was "hooked into" another telephone line on November 26, 1975, and that Privette saw the defendant reach into his pocket, pull out a brown paper bag and place it on the front seat. These assertions were without foundation in the record. Concur—Kupferman, J. P., Birns, Fein, Lupiano and Ross, JJ.